# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR.,

        **Plaintiff,**

      v.                                  Case No. 15-CV-167

CAPTAIN L. MALCOMSON, et al.,

        **Defendants.**

## SCREENING ORDER

Plaintiff Aaron L. Jacobs, Jr., who is confined at the Brown County Jail, has filed a *pro se* complaint under 42 U.S.C. § 1983. This matter comes before the court on Jacobs's petition to proceed *in forma pauperis*. Jacobs lacks the funds to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, Jacobs was a pretrial detainee confined at the Brown County Jail at all times relevant. He is suing forty jail employees. Jacobs's most recent term

of confinement at the jail began on December 22, 2014.  He was previously confined there multiple times.[1]

Jacobs alleges that under Brown County Jail policy, inmates' punitive segregation sentences accumulate consecutive to any other punitive segregation sentence.  In addition, the sentences carry over if an inmate is released and subsequently readmitted to the jail.  Jacobs alleges that, because of this policy, he currently has twenty-nine months of punitive segregation to serve at the jail.  The policy also applies to "loss of recreation" time and Jacobs currently has six months "loss of recreation" time to serve.  Jail policy does not permit any out-of-cell exercise for punitive segregation inmates who are on loss of recreation status.

Under jail policy, inmates serving punitive segregation time are denied the following: visitation with family and friends, telephone calls with family and friends, bed sheets, clocks, toothbrush, dental floss, shampoo, canteen or commissary, razors or nail clippers, indigent haircuts, natural sunlight, photographs, newspapers, magazines, washcloths, mops, television and radio.  Lights are dimmed in segregation from 11:00 p.m.

---

[1] Besides his current term of confinement, Jacobs alleges that he was admitted to and released from the jail on the following dates: December 5-6, 2002; December 6-9, 2002; December 10, 2002, through January 13, 2003; February 24-25, 2003; October 11-12, 2005; January 25, 2006, through February 3, 2006; March 20-21, 2006; March 21, 2006, through June 22, 2006; June 30, 2006, through January 22, 2007; February 5, 2007, through May 31, 2007; July 5-7, 2007; August 16-20, 2007; November 8-14, 2007; January 11-18, 2008; February 12-14, 2008; February 26, 2008, through March 8, 2008; March 29, 2008, through April 2, 2008; June 20, 2008, through July 3, 2008; August 8-12, 2008; October 31, 2008, through November 6, 2008; December 4-5, 2008; January 5, 2009; January 22-23, 2009; March 2-3, 2009; March 30, 2009, through April 2, 2009; April 7-9, 2009; June 8, 2009; June 16, 2009, through July 18, 2009; September 3, 2009, through January 5, 2010; January 29, 2010, through February 5, 2010; April 9-13, 2010; July 30, 2010, through August 3, 2010; January 3-6, 2011; March 10-14, 2011; May 31, 2011, through June 1, 2011; June 16, 2011, through October 6, 2011; October 13-17, 2011; December 15-19, 2011; January 12-13, 2012; February 29, 2012, through March 5, 2012; April 16-19, 2012; May 25-31, 2012; July 20, 2012; November 27, 2012; December 26, 2012, through January 1, 2013; January 25, 2013; January 30, 2013, through February 8, 2013; and April 15-28, 2014.

to 5:00 a.m. to one light bulb. At all other times, the bright lights are turned on, which makes it hard to sleep. According to Jacobs, he was subjected to the above conditions from April 15, 2013, through April 28, 2014, as well as on most of his prior stays at the jail.

Jacobs alleges that under jail policy inmates are subjected to administrative confinement, punitive segregation, and loss of recreation time "all at the same time without a procedural due process hearing or redress."

Jacobs also alleges that he suffers from attention deficit disorder, post-traumatic stress disorder, bipolar disorder – with psychotic features, schizoaffective disorder, and anti-social personality disorder. He alleges that the jail conditions described above exacerbate his mental disorders, cause him serious physical and emotional harm, and increase his suicidal ideation.

The complaint cites five specific instances when Jacobs harmed himself as a result of the jail conditions in segregation and their effect on his mental illnesses. He also alleges that the defendants did not take him seriously when he was harming himself and failed to provide him with prompt and adequate medical attention, or failed to treat him at all.

First, Jacobs alleges that on March 11, 2011, he repeatedly banged his head on his cell window to the point that it was swollen and bloody but for which he allegedly did not receive any medical treatment. Defendants J. CO Kershek, Cpl. Trinker, CO Dimmer, Cpl. Langan, and Nurse Burnadette are named in this claim. (Compl. ¶ 13.) Second, Jacobs alleges that on August 13, 2011, he cut his wrist with a staple and received inadequate medical attention. Defendants CO Nies, CO Bowden, CO K. Smith, Cpl. Leyendecker,

5

Nurse Patrice, and CO Baciak are named in this claim. (Compl. ¶ 4.) Third, Jacobs alleges that on August 28, 2011, he cut his wrist with a staple and threatened suicide. Defendants CO Bowden, Cpl. Anderson, CO Cieslewicz, Cpl. Leyendecker, Lt. Rhode, CO N. Johnson, and Lt. S. Timreck are named in this claim. (Compl. ¶ 15.) Fourth, Jacobs alleges that on September 26, 2011, he threatened suicide by cutting his wrist with a staple and did not receive medical attention. Defendants Cpl. Leyendecker, CO Sickle, CO Klarkowski, and Lt. Rhode are named in this claim. (Compl. ¶ 16.) Fifth, Jacobs alleges that on November 24, 2013, he attempted suicide with a staple. Defendants CO Wolter, CO Kershek, and Cpl. Trinker are named in this claim. (Compl. ¶ 17.)

Next, Jacobs alleges that jail health care employees fail to keep inmates' mental health information confidential. Jacobs also alleges that Brown County Jail segregation inmates are denied access to the law library and proper legal supplies. Jacobs further alleges that jail policy forbids inmates the opportunity to send out certified mail and he claims that inmates do not receive notice of rejected mail items. However, he does not cite any specific instance of being subjected to this policy.

Jacobs may proceed on his deliberate indifference claims regarding the five instances of harming himself and defendants' alleged indifference and failure to adequately treat his injuries. He may also at this stage proceed on a claim regarding the segregation conditions. Although most of the specific conditions he cites do not raise constitutional issues, a closer look at the overall segregation conditions--for example, whether Jacobs was not permitted to brush his teeth while in segregation or whether he simply was not permitted to possess a

6

toothbrush in his cell--will shed light on the scope of Jacobs's conditions of confinement claims. Jacobs also alleges that he was not permitted out-of-cell recreation for at least one year, which does implicate the Constitution. *See Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013). Jacobs may also proceed on his deliberate indifference claim regarding his mental health issues and their alleged exacerbation based on the conditions.

Jacobs may not proceed on any of his other claims. His allegations regarding the confidentiality of his medical records and lack of due process before being placed in segregation are not specific enough to satisfy the notice pleading standard set forth above. Likewise, Jacobs may not proceed on his access to the courts claim because he does not allege any specific injury or prejudice as a result of the alleged lack of access to legal materials. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009)  Lastly, his allegations regarding being forbidden from sending certified mail and not receiving notice of rejected mail lack specificity and are not properly joined to his other claims. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In sum, Jacobs may proceed on claims regarding the conditions of confinement and for deliberate indifference to his mental health against defendants CO J. Kershek, Lt. J. Rhode, Lt. S. Timreck, Cpl. J. Trinker, Cpl. B. Langan, Cpl. M. Anderson, Cpl. R. Leyendecker, CO D. Dimmer, CO B. Nies, CO  J. Bowden, CO K. Smith, CO Cieslewicz, CO N. Johnson, CO Sickle, CO Klarkowski, CO Wolter, CO T. Baciak, Nurse Burnedette, and Nurse Patrice in their individual capacities. Jacobs also seeks to bring claims against all defendants in their official capacities. The court will treat these claims as claims against

Brown County – Jacobs does not have to amend the complaint to add Brown County as a party. *See Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008).

The remaining claims and defendants will be dismissed.

Motion for Preliminary Injunction

On February 23, 2015, Jacobs filed a motion for a preliminary injunction. He requests immediate transfer from the Brown County Jail based on the alleged constitutional violations described above or, alternatively, if he remains at the jail, transfer to the "general population" and the restoration of rights afforded to other general population inmates.

To obtain preliminary injunctive relief, Jacobs must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

On March 27, 2015, Jacobs notified the court that he transferred to Dodge Correctional Institution, which is a Wisconsin Department of Corrections Institution. Therefore, his motion for a preliminary injunction is moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (same).

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary injunction (ECF No. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants Captain L. Malcomson, Sheriff Gossage, Deputy T. Delain, John Jadin, Lt. P. Steffen, Lt. J.W. Mitchell, Lt. H. Michel, Lt. J. Verdegan, Lt. J. Trinkner, Lt. M. Halasi, Lt. E. Frost, Cpl. R. Weed, Cpl. N. Dequaine, Cpl K. Voster, Cpl. N. Boerboom, Kim Woulf, Cindy Link, Karen Ellman, Dr. Okuleye, Nurse B. Jensen-Seymour, and Nurse M. Dahlke are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon those defendants not dismissed by this Screening Order pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that those defendants who are not dismissed by this Screening Order shall file a responsive pleading to the complaint.

9

**IT IS FURTHER ORDERED** that the Brown County Sheriff shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to Brown County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants not dismissed by this Screening Order will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of May, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge