# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**AARON L. JACOBS, JR.,**

        **Plaintiff,**

        **v.**                                **Case No. 15-CV-167**

**LT. J. RHODE, et al.,**

        **Defendants.**

---

## ORDER

---

On April 5, 2017, the court held a hearing on Jacobs's motion for preliminary injunction. Jacobs and Brown County Jail Lieutenant Scott Brisbane testified. For the reasons explained below, the court will deny as moot Jacobs's motion for preliminary injunction.

## BACKGROUND

Jacobs seeks a preliminary injunction "requiring the Brown County Jail to no longer use any previous pre-trial punitive sanctions against Plaintiff and not subject him to any future punitive solitary confinement except that which is provided based on a future infraction by Plaintiff and then under appropriate 'care and advice of a physician, but not over 10 days.' Wis. Stat. § 302.40." (ECF No. 93 at 1-2.)

The defendants contend that Jacobs's motion is moot because the Brown County Jail amended its policy regarding the stacking of sanctions from prior pretrial detentions "and has immediately ceased stacking sanctions from prior pretrial detentions." (ECF No. 94 at 1-2.) The defendants submitted a Declaration of Captain Larry Malcomson, a captain in the Brown County Sheriff's Department, attached to which are the Jail's two new policies regarding discipline for minor and major violations of jail rules. (ECF No. 95-1, 95-2.)

## FACTS

### A. Jail Classification Procedures

Upon entry to the jail, inmates are classified into one of four security levels based on their charges, any previous disciplinary experience at the jail, and any medical or mental health concerns. The four security levels are minimum, medium, maximum, and high-maximum. High-maximum is a non-punitive status for inmates who are an escape risk, who are charged with violent crimes, and/or who have had prior disciplinary issues. The conditions for inmates in high-maximum detention include a single cell, window, bed, sink, toilet, one hour of out-of-cell recreation per day, one visit per week, and the ability to order canteen and use the telephone. Inmates detained on high-maximum status are otherwise in their cells 23 hours per day. High-maximum status inmates have their classification status reviewed every fifteen days. Other security classifications have similar conditions, the difference being that inmates are allowed out

of their cells more frequently as the security level of their detention decreases. For example, maximum status inmates generally receive four hours of recreation per day.

Inmates may also be assigned to punitive segregation or administrative confinement status, which is located on the lower level of the Fox Pod unit at the jail. Punitive segregation status inmates have certain privileges but generally fewer than inmates housed in the other security classifications. Inmates housed in punitive segregation receive one hour of out-of-cell recreation per day unless they are on "loss of recreation status." Inmates detained in administrative confinement have all of their property removed from their cell except for a smock. Such inmates can earn back their property with good behavior. The lower level area of the Fox Pod Unit includes a "four-man block," which consists of four cells and a "day room." There are occasions when an inmate housed on the four-man block may be the only inmate in that block.

**B. Jacobs's Confinement at the Jail: January 2016 – March 10, 2017**

Jacobs arrived at the Brown County Jail on January 21, 2016, owing 851 days in punitive segregation from jail rule violation dispositions that carried over from prior confinements at the jail. As a result, upon his arrival he was immediately placed in punitive segregation. Since entering the jail, Jacobs has been cited for another 61 major and 21 minor violations of jail rules.

Since January 2016 Jacobs was mostly housed in a cell on the four-man block on Fox Pod and wasn't allowed out of his cell for recreation because he was mostly on

"loss of recreation" status. Thus, for a substantial portion of his confinement he was restricted to his cell 24 hours a day. During his current confinement at the Brown County Jail, Jacobs has met two or three times with a physician for a "tele-psych" appointment via a computer screen. Jacobs has seen Nurse Adelaide, the "psych nurse," at least 30 times since January 2016, primarily if not exclusively when he was placed in a safety cell as a result of threatening suicide. A safety cell is an empty rubber cell with a hole in the floor for the inmates to use as a toilet.

## C. Brown County Jail Policy Change and Jacobs's Current Conditions

The Brown County Jail policy that inmates' punitive time carries over to future confinements was changed on March 10, 2017. According to the defendants, under the new policy any punitive time remaining on disciplinary sentences does not carry over from prior periods of confinement at the jail, so the inmates do not have to serve that time. However, the attachments to Malcomson's declaration do not appear to support the defendants' explanation of the new policy. The Minor Violations policy states in relevant part: "An inmate's past disciplinary record within a one-year period can be used when determining current discipline." (ECF No. 95-1 at 5.) The Major Violations policy states in relevant part: "An inmate's past disciplinary record up to one year for minor violations can be used when determining appropriate discipline. . . . The same holds true for past major violations up to five years when determining disciplinary sentencing." (ECF No. 95-2 at 4.) (Emphasis in original.) Nevertheless, the defendants

contend that, based on the jail's new policy, on March 10, 2017, all of the punitive time remaining on Jacobs's disciplinary sentences from prior periods of confinement at the jail that he had yet to serve was wiped clean, so Jacobs will not have to serve that time.

A few days after the jail's policy changed Jacobs was re-classified from punitive segregation to high-maximum status, which is located on the upper level of the Fox Pod unit. This area contains cells surrounding a day room. Inmates are allowed out of their cells for an hour each day for recreation during which time they may make a phone call, take a shower, watch TV, walk around, or talk to other inmates at their cell door. The inmates are allowed out for recreation one at a time; they are not allowed out at the same time.

Officers told Jacobs that if he spent thirty days on high-maximum status without getting a violation he could be re-classified to maximum status, where would have more out-of-cell recreation time. Other inmates are subject to classification review after only fifteen days.

Lieutenant Brisbane testified that there was confusion at the Brown County Jail about how many days of punitive segregation Jacobs had accumulated during his current confinement in the jail. He has served 416 days punitive segregation since January 2016. After the policy change, Lieutenant Brisbane met with Jacobs. Following their discussion, he cancelled any punitive segregation time that Jacobs had left to serve to allow Jacobs to start fresh and see how he could do on high-maximum status.

5

Since March 14, 2017, Jacobs has received three minor violations for which he received one day loss of recreation each, and one major violation for which he received three days punitive segregation. He received the major violation on March 30, 2017, for allegedly making a sexual gesture at a nurse and then swearing at her when she said the gesture wasn't appropriate. After serving the three days of punitive segregation, Jacobs was returned to high-maximum status.

On April 4, 2017, Lieutenant Brisbane reviewed Jacobs's security conditions. Initially he had decided to review Jacobs's security status every 30 days, meaning that Jacobs's security classification could change from high-maximum status to maximum status if he went thirty days without a rule violation. After reviewing the conditions, Lieutenant Brisbane decided to reduce that review period to 15 days, which is consistent with other inmates' review schedules.

With regard to whether the jail would follow Wis. Stat. § 302.40 and not place Jacobs in solitary confinement for more than ten days, defendants' counsel stated that, while the Brown County Jail doesn't have "solitary confinement," the jail would follow the law, meaning that going forward Jacobs would not be placed in punitive segregation for more than ten days at any one time, together with loss-of-recreation status and with no other inmates on the cell block.

## DISCUSSION

The court understand the following from the evidence offered by the defendants at the preliminary injunction hearing.

The Brown County Jail states that on March 10, 2017, it amended its policy regarding inmate discipline for minor and major violations and that it no longer carries over from prior periods of confinement any disciplinary sentences not yet completed by an inmate when an inmate re-enters the jail. The new jail policies also do not (in practice, if not yet in writing) consider disciplinary sentences from prior jail confinements when imposing disciplinary sentences in subsequent jail confinements. In practice, an inmate's disciplinary history from prior confinements is used only for an inmate's initial security classification upon entry to the jail.

Since March 10, 2017, Jacobs's punitive segregation sentences from prior jail confinements have been cancelled (851 days), and his remaining punitive segregation time from his current jail confinement which he had not already served (i.e., any punitive segregation he owed beyond the 416 days he already served in punitive segregation since January 21, 2016) has also been cancelled. If Jacobs receives no future violations, his security status (currently high-maximum) will be reviewed after fifteen days. If after fifteen days in high-maximum status Jacobs has no rule violations, he will be transferred to maximum security status. If Jacobs violates a rule and is confined in punitive segregation or administrative confinement, he will not be confined under

7

"solitary confinement" or "extreme isolation" conditions for more than ten days at any one time, meaning that he will not be confined there with loss of recreation and no other inmates present for more than ten days.

Based on these representations from the defendants, the court will deny as moot Jacobs's motion for preliminary injunction.

<u>**ORDER**</u>

**IT IS THEREFORE ORDERED** that Jacobs's motion for preliminary injunction (ECF No. 92) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 7th day of April, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge