# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AARON L. JACOBS, JR,**

    **Plaintiff,**

    v.                                                 **Case No. 15-CV-167**

**LT. J. RHODE, et al.,**

    **Defendants.**

# ORDER

On October 13, 2017, Aaron L. Jacobs, Jr. filed an expedited non-dispositive motion to compel discovery. (ECF No. 110.) Jacobs demands that the defendants "[p]rovide a detailed timeline of Plaintiff's lifetime incarceration in Wisconsin, including juvenile and state penitentiary incarceration" (ECF No. 110 at 1), and emails regarding the policies of the defendant that are at issue in this case (ECF No. 110 at 3-4). The court held a telephonic conference with the parties on October 30, 2017 to discuss the motion.

**Incarceration Record**

Based on the court's discussions with the parties, the court understands that the dispute is limited to incarceration information contained on the Wisconsin Law

Enforcement Network (WILENET). This database is restricted to law enforcement personnel, and counsel for the defendant did not know if any of the named defendants had completed the paperwork necessary to obtain access. Defense counsel stated that she understood that this database contained complete records of a person's time in the custody of the Wisconsin Department of Corrections as well as juvenile detention details.

"On the issue of control, it is 'well-settled that a party need not have actual possession of the documents to be deemed in control of them;' rather, the 'test is whether the party has a legal right to obtain them.'" *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (quoting *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D. Ill. 1977)). "Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy." § 2210 Possession, Custody, or Control, 8B Fed. Prac. & Proc. Civ. § 2210 (3d ed.). "The party seeking discovery bears the burden of showing that the nonmovant has control over the documents sought, and the Court may consider 'any reasonable evidence regardless of the rules of evidence' in determining whether the movant has met this burden. *Williams v. Angie's List, Inc.*, No. 1:16-cv-00878-WTL-MJD, 2017 U.S. Dist. LEXIS 54270, at *7 (S.D. Ind. Apr. 10, 2017) (quoting *McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind. 1993)).

For the reasons stated more fully on the record during the conference with the parties, this portion of Jacobs's motion is granted as follows: to the extent that any individually named defendant is able to access information through WILENET that is responsive to Jacobs's discovery request, the information shall be promptly disclosed to Jacobs.

**Emails**

The court understands that the parties will attempt to work out this matter. Therefore, this aspect of Jacobs's motion is denied without prejudice. The court will hold a telephonic status conference on **November 13, 2017 at 10:30 AM** to discuss the defendants' compliance with this discovery demand. The deadline for the defendants to comply with this demand is November 30, 2017. If the defendants do not comply, Jacobs may renew his motion to compel.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of October, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge